# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| MARIAN THOMPSON, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 04-2080-KHV |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM & ORDER

Marian Thompson brings suit pursuant to 42 U.S.C. § 405(g), seeking judicial review of the denial of her application for widow's benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. According to plaintiff, defendant erred in determining that she was not legally married to the insured at the time of his death. As explained in more detail below, the Court rejects plaintiff's argument and affirms defendant's decision.

## I.  Procedural Background

On September 30, 1999, plaintiff filed an application for widow's insurance benefits on the earnings record of her late putative common law spouse, William Bolden. The application was denied both initially and upon reconsideration. At plaintiff's request, an administrative law judge ("ALJ") held a hearing and on September 26, 2003, denied all benefits. The Appeals Council denied plaintiff's request for review; thus the ALJ's decision is the final decision of the Commissioner of Social Security. See 42 U.S.C. § 405(g), § 1383(c)(3).

## II.  Standard of Review

The ALJ's decision is binding on the Court if supported by substantial evidence. See 42 U.S.C. § 405(g); Dixon v. Heckler, 811 F.2d 506, 508 (10th Cir.1987). The Court must determine whether the record contains substantial evidence to support the decision and whether the ALJ applied the proper legal standards. See Castellano v. Sec'y of HHS, 26 F.3d 1027, 1028 (10th Cir.1994). While "more than a mere scintilla," substantial evidence is only "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed.2d 842 (1971).  The Court must scrutinize the record and take into account any evidence which fairly detracts from the evidence which supports the Commissioner's findings.  See Nieto v. Heckler, 750 F.2d 59 (10th Cir.1984).  Evidence is not substantial "if it is overwhelmed by other evidence–particularly certain types of evidence (e.g., that offered by treating physicians)–or if it really constitutes not evidence but mere conclusion."  Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir.1985) (citation omitted).

## III. Analysis

In her motion, plaintiff contends that the ALJ erred in determining that she was not the common law wife of the insured, Mr. Bolden, at the time of his death.  Under 42 U.S.C. § 416(h)(1)(A), an applicant is the widow of an insured individual if the laws of the State in which the insured lived at the time of his death would find that the applicant and the insured were validly married at the time the insured died.  The ALJ determined that Mr. Bolden was living in Kansas City, Kansas at the time of his death.  He therefore applied Kansas law to determine whether plaintiff was his widow.  Transcript of Proceedings Before the Social Security Administration ("Tr.") at 16, attached to defendant's Answer (Doc. # 8) filed May 13, 2004.

Plaintiff must meet certain requirements to be entitled to widow's benefits.  See 42 U.S.C. § 402(e); 20 C.F.R. § 404.335.  The parties agree plaintiff met all requirements except the requirement that she be the insured's widow based upon a relationship described in 20 C.F.R. §§ 404.345 or 404.346.  See 20 C.F.R. § 404.335(a).  The relationship requirement is met if the claimant and the insured were validly married under state law at the time of the insured's death or, if, under State law, the claimant could inherit a wife's or widow's share of the insured's personal property if he were to die without a will.  20 C.F.R. § 404.345.  A relationship may also be a "deemed valid marriage" if claimant, in good faith, went through a marriage ceremony with the insured that would have resulted in a valid marriage if not for a legal impediment.  20 C.F.R. § 404.346(a).  The ALJ determined that this provision did not apply because plaintiff testified that she never went through a marriage ceremony with Mr. Bolden, and the record contained no documentary evidence of any such ceremony.  Tr. 16.  The ALJ then stated that under Kansas law, a valid marriage and a right to inherit can only be established through a valid marriage ceremony or by a common law relationship which is valid under Kansas law.  Tr. 16.  The ALJ properly

determined that the issue in this case is whether plaintiff and Mr. Bolden had a valid common law marriage.

The ALJ correctly stated that a valid common law marriage in Kansas requires (1) the legal capacity to marry; (2) a mutual present marriage agreement between the parties; and (3) a holding out of each other to the public as husband and wife.  See Dixon v. Certainteed Corp., 915 F. Supp. 1158, 1160 (D. Kan. 1996); State of Kansas v. Johnson, 216 Kan. 445, 532 P.2d 1325, 1328 (1975); Sullivan v. Sullivan, 196 Kan. 705, 413 P.2d 988, 992 (1966).  Furthermore, the ALJ noted that each element must co-exist to establish a common law marriage.  Dixon, 915 F. Supp. at 1160.  The ALJ found that plaintiff and Mr. Bolden lived together from approximately 1980 until Mr. Bolden's death in 1999, that they attended many family gatherings and social functions as husband and wife, and that they signed their apartment lease as William Bolden and spouse Marian Bolden.  The ALJ concluded that they did not have a valid common law marriage, however, because they did not consistently hold each other out as husband and wife – they did so only when it was advantageous for them to do so.  See Johnson, 532 P.2d at 1329.

The ALJ cited examples of when plaintiff and Mr. Bolden did not hold themselves out as husband and wife.  Tr. 18.  For example, on his application for retirement insurance benefits in February of 1990, Mr. Bolden stated that he was unmarried.  Tr. 51-52.  In April of 1992, in connection with his former spouse's application for wife's insurance benefits, Mr. Bolden signed a "Marriage Certification" which did not list a current spouse.  Tr. 47.  Plaintiff never took Mr. Bolden's surname but kept the surname of her divorced former husband.  Tr. 54, 132.  Plaintiff testified that she and Mr. Bolden often talked about getting married in a formal ceremony, which indicated to the ALJ that she did not believe they were validly married.  Tr. 134-136.  Plaintiff and Mr. Bolden never filed joint income tax returns.  Tr. 138.  Although plaintiff stated that she never lived in Missouri but lived with Mr. Bolden in Kansas at all relevant times, she maintained a separate mailing address in Missouri.  Plaintiff and Mr. Bolden received bills in their own surnames at both the Kansas and Missouri addresses.  Mr. Bolden's death certificate listed his marital status as "divorced" and listed plaintiff as "informant."  Tr.53.  The memorial booklet at Mr. Bolden's funeral referred to plaintiff as "a devoted companion," not Mr. Bolden's wife.  Tr. 72.  In June of 1992, plaintiff filed an application for retirement benefits on her own earnings record, listing her two prior marriages but stating that she was not currently married.  Based on this evidence, the ALJ concluded that plaintiff and Mr. Bolden had not consistently held themselves out to the public as husband and wife, and

that there was no common law marriage between them.

Because the scope of review is limited on appeal, this Court must uphold the ALJ's decision if he applied the correct rules of law and his decision is supported by substantial evidence. See 42 U.S.C. § 405(g); Castellano v. Sec'y of HHS, 26 F.3d 1027, 1028 (10th Cir.1994). Plaintiff argues that the ALJ applied an incorrect legal standard when determining whether she was the common law spouse of Mr. Bolden. Defendant argues that the ALJ followed the applicable law and supported his determination with substantial evidence.

Plaintiff concedes that the ALJ cited the proper common law marriage standards under Kansas law, but argues that the ALJ failed to consider 20 C.F.R. § 404.726(b)(2) as an evidentiary standard of proof. This regulation describes the "preferred evidence" to be used in determining the existence of a valid common law marriage. Specifically it provides as follows: "Preferred evidence of a common-law marriage is– . . . [i]f either the husband or wife is dead, the signed statements of the one who is alive and those of two blood relatives of the deceased person . . . ." 20 C.F.R. § 726(b)(2). Plaintiff argues that this "preferred evidence" is all that is necessary to prove a valid common law marriage. Yet 20 C.F.R. § 404.726(a) defines a common law marriage as "one considered valid under certain State laws even thought there was no formal ceremony." Therefore the ALJ must consider Kansas law and not just the preferred evidence mentioned in 20 C.F.R. § 404.726(b)(2).

Furthermore, the Court is not convinced that the record even contains "preferred evidence." When the husband or wife is dead, the "preferred evidence" is the signed statement of the survivor and statements from two blood relatives of the decedent. 20 C.F.R. § 404.726(b)(2). The record contains a statement from Robert Huddleston, Mr. Bolden's nephew (Tr. 86, 111), and Cornealia M. Johnson, Mr. Bolden's niece (Tr. 79-81). The regulation, however, states that "[a]ll signed statements should show why the signer believes there was a marriage between the two persons." 20 C.F.R. § 404.726(b). Neither blood relative statement mentions a marriage between Mr. Bolden and plaintiff. Plaintiff submitted statements from numerous other people attesting to the fact that she and Mr. Bolden held themselves out as husband and wife. However, these statements do not change the substantial evidence that plaintiff and Mr. Bolden did not consistently hold themselves out as husband and wife. The ALJ's determination was supported by substantial evidence, and this Court will therefore uphold it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion for judgment is **DENIED** and defendant's decision denying plaintiff disability benefits is AFFIRMED.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge